UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case Number 08-20122
                                                       Honorable David M. Lawson

v.

BRANDON TAYLOR,

        Defendant.
_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS AND DENYING MOTION FOR DISCOVERY

The matter is before the Court on the defendant's motion for leave to proceed to appeal *in forma pauperis* and the defendant's motion for discovery.

The defendant's motion for leave to proceed *in forma pauperis* on appeal is premature. The Court has not adjudicated the defendant's motion to vacate sentence. Therefore, there is nothing for the defendant to appeal. Additionally, the Court does not charge a filing fee for a motion to vacate sentence under 28 U.S.C. § 2255.

The defendant pleaded guilty to three counts of carjacking, two counts of aiding and abetting the commission of carjacking, aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, and aiding and abetting the robbery of property of the United States. The defendant has filed a motion to vacate his sentence under 28 U.S.C. § 2255 and now seeks discovery to gain access to the government's information regarding the origins of the carjacked vehicles.

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a "judge may, for good cause, authorize a party to conduct discovery." A defendant may establish good cause by showing that he would be entitled to relief "if the facts are

fully developed." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (internal quotations omitted). The request for discovery "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The defendant argues that he has uncovered an email sent from Jenna Logan to Chandar Bingham on September 20, 2011 that allegedly shows that, although one car was manufactured out of state, at least two of the carjacked cars were manufactured in Michigan. To establish a violation of 18 U.S.C. § 2119, the government would have had to prove that the carjacked motor vehicle was "transported, shipped, or received in interstate or foreign commerce." 18 U.S.C. § 2119. The defendant argues that his attorney misadvised him as to the material facts of the case and that he pleaded guilty because of the deficient advice. The defendant argues that discovery will yield the origin of the other vehicles.

The defendant entered an unconditional guilty plea and, thus, waived any non-jurisdictional attack on his conviction. *United States v. Corp*, --- F.3d ---, 2012 WL 399229, at *3 (6th Cir. 2012) (holding that defendant waived Commerce Clause challenge on appeal because he entered unconditional guilty plea). Even if the facts were fully developed, the defendant would not be entitled to relief because has waived his Commerce Clause argument. Therefore, the Court finds that the defendant has not established good cause for discovery.

Accordingly, it is **ORDERED** that the defendant's motion for leave to appeal *in forma pauperis* [dkt. #51] is **DENIED**.

It is further **ORDERED** that the defendant's motion for discovery [dkt. #52] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 24, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 24, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---